EVERETTE A. BOHRER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bohrer v. Commissioner
Docket No. 9707-90
United States Tax Court
T.C. Memo 1991-519; 1991 Tax Ct. Memo LEXIS 568; 62 T.C.M. (CCH) 1037; T.C.M. (RIA) 91519; October 21, 1991, Filed *568 Decision will be entered for the respondent. Cecil A. Hartman, for the petitioner. Michael J. Cooper, for the respondent. KORNER, Judge. KORNER
MEMORANDUM OPINION Respondent determined deficiencies in income tax and additions to tax against petitioner for the years 1980 through 1983 as follows: Additions to Tax, Secs. [1]
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
1980
$ 8,336
[2] $ 4,168
None
$ 306
1981
10,608
[2] 5,304
None
812
1982
7,720
3,860
*
752
1983
9,690
4,845
*
593
The issues we are called upon to decide in this case are: (1) Whether respondent was in error in his determinations of deficiency in tax against petitioner for *569 the years 1980 through 1983; (2) whether for any of the above years petitioner is liable for the addition to tax for fraud; (3) in the absence of fraud, whether petitioner is liable for additions to tax for negligence, as pleaded by respondent in the alternative in his answer herein; and (4) whether petitioner is liable for the addition to tax for failure to pay estimated income tax under section 6654. At the trial of this case, petitioner attended by counsel but not in person, and presented no evidence. Respondent likewise presented no evidence. Accordingly, the few facts which are apparent in this case must be gleaned from the pleadings and, most importantly, from respondent's requested admissions of fact to which petitioner responded. Based on these slender sources, it appears that petitioner, a resident of Colorado at the time the petition herein was filed, was, during the years in question, a miner employed at one or more coal mines near Hayden, Colorado. He was paid wages for his work as a miner, and these wages were duly reported by his employer on Forms W-2 to respondent, with copy to petitioner. In years prior to 1980, petitioner had filed income tax returns reporting *570 his miner's wages as income. For the years 1980 through 1983, however, petitioner filed no returns. On or about April 15, 1980, petitioner filled out and furnished his employer a Form W-4, Employee's Withholding Allowance Certificate, which claimed exemption from Federal income tax and withholding. This form was filed with petitioner's expectation and knowledge that his employer would cease withholding income tax from his wages. For the years 1980 through 1983 petitioner was convicted for willfully failing to file income tax returns, in the United States District Court for the District of Colorado, in violation of section 7203, and his conviction was affirmed by the Court of Appeals for the Tenth Circuit. Petitioner admitted that the wages as paid to him by his various mine employers and reported on the Forms W-2 were correct in amount. He further admitted that he was entitled to no additional itemized deductions over and above the standard deductions allowable for the years in question, and that he was entitled only to the exemptions allowed in respondent's statutory notice of deficiency. On the basis of this record, we must hold that petitioner has failed to show any error *571 in respondent's determination of deficiency, and has demonstrated no error in respondent's determination of additions to tax under section 6654. [3] Petitioner had the burden of proof herein on both these items, ; Rule 142(a), and he has failed entirely to meet that burden. Accordingly, we affirm respondent's determination of deficiencies in tax and additions to tax under section 6654 herein.
With respect to the issue of fraud, a different focus is required. Fraud, as used in section 6653(b), means actual, intentional wrongdoing. . *572 The intent required is a voluntary, intentional violation of a known legal duty; in this case, to evade a tax believed to be owing. , cert. denied . Where direct evidence of fraudulent intent is not available, its existence may be determined from the conduct of the taxpayer and the surrounding circumstances. . The Supreme Court has stated that an "affirmative willful intent may be inferred from * * * any conduct, the likely effect of which would be to mislead or conceal." . The burden of proof here is upon respondent to show by clear and convincing evidence the necessary elements of fraud: the underpayment of tax, and fraudulent intent. Sec. 7454; Rule 142(a); . The fact of underpayment is clearly and convincingly established by petitioner's own admission: that he received wages, knew they were taxable under the law, had so treated them in prior years, but *573 nevertheless filed no returns and paid no tax. The fact of fraudulent intent is clearly and convincingly proved by the false filing of Forms W-4 by petitioner. Petitioner knew that a tax was due and owing on his wages, he deliberately did not file a return or pay such a tax, cf. , and he sought to conceal this omission by filing a Form W-4 to the effect that he was exempt from tax. This last was an affirmative act of fraud and makes this case entirely comparable to the facts in , affg. . It is this Circuit to which an appeal in the instant case would lie, and we think the instant case is indistinguishable from Zell, with respect to the existence of the necessary elements to establish fraud within the meaning of section 6653(b). Accordingly, we sustain respondent on this issue also. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. Statutory notice so reads. Reference should be to sec. 6653(b).↩
*. Amount to be determined based on 50 percent of the interest due. ↩
3. Although the parties were directed to file briefs at the close of trial, and respondent did so, petitioner did not. The Court could have treated the case as conceded by petitioner, insofar as he had the burden of proof, see , but since respondent has the burden of proof on the fraud issue, infra↩, it seems better to decide the case on the record presented.